IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| SUZETTE K. ANDREASON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAMERON REGIONAL MEDICAL )<br>CENTER INC., *et al.*, )<br>)<br>    Defendants. ) | Case No. 13-06040-CV-SJ-BP |

## ORDER

This matter comes before the Court on Defendants' Renewed Motion to Dismiss. (Doc. 65.) For the following reasons, dismissal is **GRANTED**.

**I. Background**

On January 16, 2014, Plaintiff filed her Amended Complaint. (Doc. 35.) In it, Plaintiff alleges Defendants' negligent medical acts and omissions caused her husband, Mr. Andreason, to die from an acute myocardial infarction. Specifically, Plaintiff alleges Defendants negligently failed to perform certain blood tests and to diagnose Mr. Andreason with cardiovascular disease. Plaintiff seeks monetary damages for medical expenses, lost wages, loss of consortium, loss of services, and mental anguish.

On April 21, 2014, Defendants filed a Motion to Dismiss arguing Plaintiff failed to comply with Mo. Rev Stat. § 538.225 in that Plaintiff failed to file an affidavit that comported with the statute. (*See* Doc. 50.) On May 23, 2014, the Court found Plaintiff's affidavit, (Doc. 7-1), failed to comply with § 538.225, but gave Plaintiff another opportunity to file an affidavit that complied with the statute. (Doc. 56.) In response, Plaintiff filed a document she entitled "Affidavit Pursuant to R.S.Mo. § 538.225" ("Filing"). (Doc. 62.)

The Filing submitted by the Plaintiff contains a recitation of the allegations contained in Plaintiff's Amended Complaint as well as information regarding Dr. Steven K. Starr, M.D., Dr. Starr's deposition testimony, and articles from LifeLabs and the Mayo Clinic. (*See* Doc. 62.) The Filing sets out Dr. Starr's background and qualifications and indicates Dr. Starr was questioned during his deposition regarding Plaintiff's allegations in her Amended Complaint and the articles from LifeLabs and the Mayo Clinic. The remainder of the Filing contains conclusory statements that Plaintiff has established Defendants failed to use reasonable care and that the standard of care should be that of world class health care. (*Id.*) The Filing does not include Dr. Starr's opinion regarding the type of care Defendants' provided Mr. Andreason, nor an opinion by Dr. Starr that Defendants' failure to administer the blood tests led to Mr. Andreason's death. Attached to the Filing as exhibits are Dr. Starr's curriculum vitae, a copy of Cameron Regional Medical Center's "About Us" webpage, an article from LifeLabs called "MPO Test for Cardiac Health," and an article from the Mayo Clinic called "Blood Tests for Heart Disease." (*Id.*) The Filing is not signed under oath by Plaintiff, her attorney, or Dr. Starr.

Defendants have renewed their Motion to Dismiss asserting Plaintiff's Filing again fails to comply with § 538.225. Plaintiff contends the Filing complies with the statute and demonstrates the merits of her claim; therefore dismissal is not appropriate. The Court takes up the parties' arguments below.

**II. Analysis**

Mo. Rev. Stat. § 538.225, provides in pertinent part:

1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under

2

similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
2. As used in this section, the term "legally qualified health care provider" shall mean a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.
3. The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.

The statute further provides that:

5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

*Id.*

Plaintiff argues the Filing complies with the statute because it establishes the case is not frivolous and provides information from legally qualified healthcare providers. However, in light of the clear language of the statute, Plaintiff's position is untenable. For the following reasons, the Filing fails to comply with the statute's requirements.

First, the Filing does not establish that Plaintiff's attorney has obtained a written opinion regarding Mr. Andreason's care. Plaintiff claims that the deposition testimony of Dr. Starr, along with other documents, establishes that Defendants failed to use reasonable care in treating Mr. Andreason. Deposition testimony indicating such an opinion might satisfy the statutory requirement. *See Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 272 (Mo. 2014). However, Dr. Starr has not given such an opinion. Instead, he testified that he had not been asked to provide an opinion regarding the care Mr. Andreason received from Defendants, and he did not recall expressing criticism of Defendants' care to anyone. (Starr Depo., Doc. 65-2, p. 13.) Moreover, Dr. Starr testified that he disagrees with Plaintiff's main contention as to what tests

3

should have been ordered to identify Mr. Andreason's risk of heart disease.  (*Id.* at p. 12.)  Further, Dr. Starr could not state with any certainty that earlier detection of Mr. Andreason's heart disease would have prevented his death.  (*Id.* at p. 13.)

Second, Dr. Starr's specialty is not "substantially the same specialty as the defendant[,]" as required by Mo. Rev. Stat. § 538.225(2).  Dr. Starr specializes in internal medicine and cardiology, while Defendants' employee Renee Rouse, who treated Mr. Andreason at Pattonsburg Medical Clinic, is a certified physician assistant.  Further, Dr. Starr does not know the standard of care for Ms. Rouse's profession. (Starr Depo., Doc. 65-2, p. 12.)  While Plaintiff also contends Mr. Andreason should have been transferred to a cardiologist or cardiovascular specialist, Dr. Starr is not able to testify whether failing to transfer him breached the standard of care for Ms. Rouse's profession.

Third, the articles attached to the Filing also fail to establish an opinion of a legally qualified health care provider as defined by § 538.225.  A legally qualified healthcare provider must be a "health care provider licensed in this state or any other state in the same profession as the defendant."  Mo. Rev. Stat. § 538.225(2).  The information compiled by LifeLabs and the Mayo Clinic cannot be identified as authored by a licensed health care provider in the same profession as Defendants.  The information appears to have been taken from various sources and therefore the authors have various qualifications that may or may not meet the definition provided by statute.  Further, the articles are in no way specific to the care provided by Defendants or Mr. Andreason's medical history, and therefore are not evidence that Mr. Andreason's treatment was inconsistent with the standard of care owed to him.

Finally, Plaintiff contends the supporting testimony and articles indicate Plaintiff's claim is not frivolous, which would satisfy the purpose of the statute and equate to substantial

4

compliance with its provisions. However, it is not clear whether substantial compliance is sufficient under § 538.225. *See Mayes*, 430 S.W.3d at 271-72 (noting the mandatory nature of the statute and specific language do not indicate the legislature intended to allow for substantial compliance). Further, the Filing does not establish that Plaintiff's claim is not frivolous as the testimony from Dr. Starr does not support her position, and the general information regarding cardiac screening in no way establishes Mr. Andreason received improper care which led to his death.

Plaintiff has submitted nothing but her own allegations in support of her claim, even after being given additional time to obtain an opinion from an appropriate health care provider. Such allegations do not meet the requirements under Missouri law. For these reasons, the Filing fails to comply with § 538.225, therefore dismissal without prejudice is appropriate. *See* Mo. Rev. Stat. § 538.225(6).

### III. Conclusion

Accordingly, Defendants' Motion to Dismiss, (Doc. 65), is **GRANTED**. This case is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

/s/Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: 9/17/2014